Michele R. Stafford, Esq. (SBN 172509)
Luz E. Mendoza, Esq. (SBN 303387)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: lmendoza@sjlawcorp.com

Attorneys for Plaintiffs, District Council 16 Northern
California Health and Welfare Trust Fund, et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> USAL PAINTING, LLC, et al., <br><br> Defendants. | Case No.: 19-cv-05071 HSG <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs District Council 16 Northern California Health and Welfare Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Usal Painting, LLC, a Suspended California limited liability company, and Defendant Alexander Ernesto Navarro, an individual and also dba Alexander Ernesto Navarro, (hereinafter collectively referred to as "Defendants") as follows:

2.   Defendant Alexander Ernesto Navarro confirms that he is authorized to enter into this Stipulation on behalf of himself individually and dba Alexander Ernesto Navarro and on behalf of Usal Painting, LLC.

3.   Alexander Ernesto Navarro ("Guarantor") also confirms that he is personally

1

guaranteeing the amounts due herein. Defendants specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which any Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendant/Guarantor Alexander Ernesto Navarro is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4. Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Unpaid Contributions | 20% Liquidated Damages | 5% Interest (through 10/21/19) | Subtotals |
|---|---|---|---|---|
| May 2018 | $226.24 | $150.00 | $14.34 | $390.58 |
| June 2018 | $2,552.27 | $510.45 | $156.45 | $3,219.17 |
| July 2018 | $1,569.54 | $313.91 | $91.52 | $1,974.97 |
| August 2018 | $1,937.18 | $387.44 | $104.22 | $2,428.84 |
| September 2018 | $961.52 | $192.30 | $46.15 | $1,199.97 |
| **Subtotals:** | **$7,246.75** | **$1,554.10** | **$412.68** | **$9,213.53** |
| Attorneys' Fees (1/10/19 through 10/21/19): | | | | $2,880.00 |
| Costs: | | | | $690.03 |
| **Fees/Costs Subtotal:** | | | | **$3,570.03** |
| **TOTAL JUDGMENT AMOUNT:** | | | | **$12,783.56** |

### **REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

5. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

   a) <u>Notices to Defendants</u>: Alexander Ernesto Navarro, 197 Precita Ave, San Francisco, CA 94110; email: alxnavarro11@gmail.com.

   b) <u>Notices to Plaintiffs</u>: Michele R. Stafford, Saltzman & Johnson Law Corporation, 1141 Harbor Bay Parkway, Suite 100, Alameda, CA 94502; email: mstafford@sjlawcorp.com , copy to compliance@sjlawcorp.com.

6. The requirements pursuant to the terms of this Stipulation are as follows:

   a) **Monthly Payments**: Defendants shall conditionally pay the amount of $11,229.46, representing all of the above amounts, less liquidated damages in the amount of $1,554.10.

   i) Payments in the amount of **$962.00 per month** shall begin on October 15,

2019[1], and continue on or before the 15th (fifteenth) day of each month thereafter **for a period of twelve (12) months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

    ii)  Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

    iii)  Payments shall be applied first to interest, at the rate of 5% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on October 22, 2019.

  b)  **Contributions**: Beginning with contributions due for hours worked by Defendants' employees during the month of September 2019, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).[2]

  c)  **Job Report:** Beginning with the month of September 2019, and for every month thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as *Exhibit A*. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.[3]

  e)  **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

7.  In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

---

[1] For the initial payment *only*, payment may be made on or before October 31, 2019. Thereafter the payments shall be made on or before the 15th of the month.

[2] For the initial contribution report and payment *only*, such report and payment may be made on or before October 31, 2019. Thereafter the reports and payments shall be made on or before the 15th of the month.

[3] For the initial job report *only*, such report may be provided on or before October 31, 2019. Thereafter the reports shall be submitted on or before the 15th of the month.

3

JUDGMENT PURSUANT TO STIPULATION
Case No. 19-cv-05071 HSG

| **Required Submissions** | **Delivery deadlines[4]** | **Delivery locations** |
|---|---|---|
| **Stipulated payments in the amount of $962.00** payable to *District Council 16 Northern California Trust Funds* | 15th day of each month (10/15/19-9/15/20) | Michele R. Stafford Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, #100 Alameda, CA 94502 |
| **Current contribution reports and payments** payable to *District Council 16 Northern California Trust Funds* | 15th day of each month (beginning 10/15/19, for 9/19 hours) | District Council 16 Northern California Trust Funds P.O. Box 4816 Hayward, CA 94540  Plus copies to: compliance@sjlawcorp.com (subject: "Usal Painting"); |
| **Completed job reports** (form attached as Exhibit A to Stipulation)  **and Certified Payroll** (if requested) | 15th day of each month (beginning 10/15/19, for 9/19 hours) | compliance@sjlawcorp.com (subject: "Usal Painting") or Michele R. Stafford Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, #100 Alameda, CA 94502 |

8. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, or failing to endorse a joint check provided for the payment of amounts due under the terms of this Stipulation including current contributions, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

9. If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, and additional attorney's fees and costs incurred herein.

10. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or

---

[4] For the initial submissions only: they may be made on or before October 31, 2019. Thereafter all payments/reports must be submitted on or before the 15th of the month. If the Stipulation has not been fully satisfied 9/15/20, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

paystubs, by audit, or other means. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

11. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## **MISCELLANEOUS PROVISIONS**

12. The above requirements remains in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating "no employees."

13. Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

14. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on September 15, 2020.

15. The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated

5

damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

16. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

17. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

18. Defendants have represented that they do not intend to file for Bankruptcy protection. In the event that Defendants file for Bankruptcy protection, Defendants specifically agree that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendants agree to reaffirm this debt, and will not request that the debt be discharged.

19. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

20. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

21. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

22. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

23. Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware

6

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 19-cv-05071 HSG**

P:\CLIENTS\PATCL\Usal Painting\Pleadings\Stipulation\Judgment Pursuant to Stipulation 102219.docx

of and represent that they enter into this Stipulation voluntarily and without duress.

24. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: November 8, 2019                **USAL PAINTING, LLC.**

By: _____/S/_____
Alexander Ernesto Navarro, Authorized Representative

DATED: November 8, 2019                **ALEXANDER ERNESTO NAVARRO**

By: _____/S/_____
Alexander Ernesto Navarro, individual Defendant and Guarantor, also dba Alexander Ernesto Navarro

DATED: November 14, 2019               **DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____/S/_____
Robert Williams
Trustee of Plaintiff Trust Funds

DATED: November 12, 2019               **DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____/S/_____
Jeannie Simpelo
Trustee of Plaintiff Trust Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: November 15, 2019

*Haywood S. Gill Jr.*
UNITED STATES DISTRICT JUDGE

7

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 19-cv-05071 HSG**

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the last business day of each month**
by email to compliance@sjlawcorp.com (subject line: *Usal Painting*) , or
delivered to Saltzman & Johnson, 1141 Harbor Bay Parkway, Ste. 100, Alameda, CA 94502

**Employer: Usal Painting, LLC**
Report for the month of _____, 20__ Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | **Public or Private?** (Circle one) |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | **Public or Private?** (Circle one) |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

****Attach additional sheets as necessary***

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 19-cv-05071 HSG**

P:\CLIENTS\PATCL\Usal Painting\Pleadings\Stipulation\Judgment Pursuant to Stipulation 102219.docx

of and represent that they enter into this Stipulation voluntarily and without duress.

24. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: ~~October~~ Nov 8, 2019

**USAL PAINTING, LLC.**

By: _____
Alexander Ernesto Navarro, Authorized Representative

DATED: ~~October~~ Nov 8, 2019

**ALEXANDER ERNESTO NAVARRO**

By: _____
Alexander Ernesto Navarro, individual Defendant and Guarantor, also dba Alexander Ernesto Navarro

DATED: October ___, 2019

**DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____
Robert Williams
Trustee of Plaintiff Trust Funds

DATED: October ___, 2019

**DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____
Jeannie Simpelo
Trustee of Plaintiff Trust Funds

7

**JUDGMENT PURSUANT TO STIPULATION**
Case No. 19-cv-05071 HSG

P:\CLIENTS\PATCL\Usal Painting\Pleadings\Stipulation\Judgment Pursuant to Stipulation 102219.docx